

**FILED**

**SEP 0 6 2012**

PATRICK E. DUFFY, CLERK
_____
DEPUTY CLERK MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MARTY EVANS, | ) | Cause No. CV 11-112-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR RELEASE |
| LEROY KIRKEGARD, Warden, | ) | |
| Montana State Prison; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on Petitioner Marty Evans's petition for writ of

habeas corpus under 28 U.S.C. § 2254. Evans is a state prisoner proceeding pro se.

On July 20, 2012, Respondent ("the State") was ordered to file an Answer on

two claims relating to his sentence – not on the validity of his conviction. The

Answer is due on September 17, 2012.

On September 5, 2012, Evans moved for release on his own recognizance. He

states that he "has been incarcerated for almost 4 years this December." Mot. (doc.

1

25) at 2. He was sentenced to serve 50 years for attempted sexual assault on a child.

He adds:

> Evans has a criminal "History" of mainly consisting Resisting Arrest by running away from the law and Obstructing Justice by lieing to the law about his identity.
>
> Evans states that all of this and his prior bail jumping is "history" in the past and is requesting a chance to prove his willingness to be a productive person in society.

*Id.* at 2-3.

The Ninth Circuit has not decided whether a federal court has the authority to release a state prisoner on bail while a habeas petition is pending. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (per curiam). Assuming it does, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (per curiam). The only claims on which an Answer was required involve the length and conditions of Evans's sentence, not the constitutionality of his detention per se. Therefore, his case does not approach the very high standards required by *Land. See also* James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 14.2, at 621 (3d ed. 1998) (internal quotations and citations omitted). Release is not appropriate, on recognizance or on any other basis.

Based on the foregoing, the Court enters the following:

2

## ORDER

Evans's motion for release (doc. 25) is DENIED.

Evans must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of September, 2012.

Jeremiah C. Lynch
United States Magistrate Judge

3