IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MARTY EVANS, | ) | CV 11-112-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LEROY KIRKEGARD, Warden, | ) | |
| Montana State Prison; ATTORNEY | ) | |
| GENERAL OF THE STATE | ) | |
| OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

**FILED**

OCT 3 1 2012

Clerk, U.S District Court
District Of Montana
Missoula

## INTRODUCTION

Marty Evans, a pro se state prisoner, filed an action for a writ of habeas corpus under 28 U.S.C. § 2254 on April 17, 2011. Magistrate Judge Lynch ordered the State to file an answer to Claims G and J of Evans' petition, and recommended dismissing all other claims on the merits. I adopt Judge Lynch's Findings and Recommendations in full for the reasons set forth below.

1

## BACKGROUND

In December 2008, Evans was staying in Polson with his cousin, B.C., and her six-year-old deaf and speech-impaired child, T. Evans usually slept on the couch in the living room. (Doc. 22 at 2.) On December 10, 2008, after drinking Evans snuck in to T.'s room. (*Id.* at 3.) B.C. heard T.'s bedroom door squeak and went in to check on her. The light was on in T.'s room. B.C. saw Evans lying in T.'s bed with his erect penis in one hand. His other hand was reaching for T., who was sleeping. (*Id.*)

Evans was charged in Montana's Twentieth Judicial District Court, Lake County, with one count of attempted sexual assault on a minor, a violation of Mont. Code Ann. §§45–4–103(1) and –5–502 (2007), and one count of indecent exposure, a violation of Mont. Code Ann. § 45–5–504(1). (*Id.* at 2.) He pled not guilty and was tried by a jury in August, 2009. (*Id.*) Evans was sentenced to fifty years in prison, with twenty years suspended, on Count I, and six months in jail on Count 2 concurrent with Count I. (*Id.* at 5.) He appealed to the Montana Supreme Court but voluntarily dismissed his appeal on April 7, 2010. On June 10, 2010, he filed a petition for postconviction relief in the trial court. It was denied on September 10, 2010. Evans did not appeal that determination either. He applied for sentence review on October 21, 2010. His sentence was affirmed on June 2,

2

2011. (*Id.*)

Evans then filed his federal petition on August 15, 2011. (*Id.*) The matter was referred to Magistrate Judge Lynch under 28 U.S.C. § 636(b). Judge Lynch issued his Findings and Recommendations on July 20, 2012. (Doc. 22.) He Ordered the State to file an Answer to Claims G (proportionality review) and J (sex offender treatment). (*Id.* at 11, 14.) He also recommended that all of Evans' other claims be dismissed on the merits.[1]

In his objections, Evans presented his own version of the facts, objecting to various background facts provided by Judge Lynch. (Doc. 23 at 1-4.) None of these objections, however, carry any legal effect.

## STANDARD

Evans timely and specifically objected to many of Judge Lynch's Findings and Recommendations. (*See* Doc. 23.) He is entitled to de novo review of those Findings and Recommendations. 28 U.S.C. § 636(b)(1). However, in other instances, Evans either (1) failed to object to Judge Lynch's Findings and Recommendations, or (2) raised only vague and conclusory objections. In these

---

[1] Judge Lynch recognized that some or all of Evans's claims may be barred by procedural default. He proceeded to the merits, however, because "it is clear that he is not entitled to relief on the merits" and it was more efficient under 28 U.S.C. § 2254(b)(2). (Doc. 22 at 6.)

instances, Judge Lynch's Findings are reviewed for clear error. 28 U.S.C. §
636(b)(1), *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th 1982).

ANALYSIS

### A. Penalty Enhancement

Evans alleges that he was not advised of the penalty enhancement for sexual
assault on a minor. (Doc 1-1 at 4 ¶ 15A.) Judge Lynch rejected this claim because
the Information and Amended Information (1) identified the offense of attempted
sexual assault as "a Felony;" (2) stated the maximum penalty was "life
imprisonment or imprisonment for a term of not more than 100 years;" and (3)
specifically alleged that the victim was under the age of 16 and that Evans was
more than three years older than she. (Doc. 22 at 6-7). Furthermore, Judge Lynch
noted that Evans acknowledged that he faced a maximum penalty of 100 years if
convicted of the sexual assault count in his Acknowledgment of Rights on January
5, 2009. (*Id.*)

Evans objects claiming that the charging documents misidentified the code
number describing the offense in violation of Mont. Code Ann. § 46–11–401(1),
which provides that "[t]he charge must state for each count the official or
customary citation of the statute, rule, regulation, or other provision of law that the
defendant is alleged to have violated." (Doc. 23 at 4.) He argues that the

4

"common understanding rule should not supercede MCA 46–11–401(1)." (*Id.*)

A charging document must "contain[] the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet" as well as enabling him to "plead a former acquittal or conviction" in the event "other proceedings are taken against him for a similar offense." *Russell v. U.S.*, 369 U.S. 749, 76-64 (1962).

Here, even though the information misidentified the code section, it did apprise Evans of the essential charges against him and the maximum penalty for those offenses. The Information and Amended Information were in the language of the statute and identified the associated penalty. (Doc. 10-15 at 65-66, 51-52.) Evans acknowledged the maximum penalty associated with the charge of attempted sexual assault on a minor in his Acknowledgment of Rights. (Doc. 10-15 at 60.) He does not have a colorable argument that he was not advised of the penalty enhancement associated with the charge against him. The claim is denied and Judge Lynch affirmed.

## B. Charges and Lesser Included Offense

Evans next argues he was misinformed of the charges against him and any lesser included offenses, because the Acknowledgment of Rights incorrectly identified "resisting arrest" as a lesser included offense. (Doc. 1-1 at 5 ¶ 15B.)

5

Judge Lynch found that the Acknowledgment of Rights did indeed incorrectly identify "resisting arrest" as a lesser included offense. (Doc. 22 at 7.) However, he found Evans failed to identify any pertinent lesser included offense. (*Id.*) Judge Lynch rejected Evans' assertion that indecent exposure is a lesser included offense of sexual assault, because exposure of the genitals is not an element of sexual assault. (Doc. 22 at 8.)

In his objections, Evans claims that the charging documents failed to point out the enhancement factor in the charges. (Doc. 23 at 4.) For the reasons set forth above, the charging documents sufficiently advised Evans of the charges against him and the associated maximum penalty.

Evans also contends that "indecent exposure could be considered a form of preparation to commit sexual contact in order to provoke." "[O]ne offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Schmuck v. U.S.*, 489 U.S. 705, 716 (1989). Because an element of indecent exposure is exposure of the genitals, and because sexual assault lacks this element, indecent exposure is not a lesser included offense of sexual assault. *Compare* § 45–5–504(1) *and* § 45–5–502. Judge Lynch's findings are adopted in

6

full on this issue.

Evans also insists that the facts would support an attempt to assault a person physically and/or sexually. (Doc. 23 at 5.) Evans asserts that potential lesser included offenses are misdemeanor sexual assault, misdemeanor assault, domestic abuse, indecent assault, indecency with a child, endangering the welfare of a child, assault on a minor, and obscenity. (*Id.*)

Because the victim was under the age of 16 and Evans was more than three years older than her, there can be no misdemeanor sexual assault charge, but only felony sexual assault on a minor. *See* § 45–5–502. Evans' reliance on *State v. Rave* 109 P.3d 753 (Mont. 2005), (doc. 23 at 5), is inapposite. In *Rave*, the Defendant was charged with sexual assault with bodily injury. *Rave*, 109 P.3d at 754. The plea agreement that Rave signed represented that sexual assault was a lesser included offense with a maximum penalty of life imprisonment when, in fact, sexual assault is a misdemeanor carrying a maximum penalty of six months in jail. *Id.* at 755–756. No such misinformation about maximum penalty exists here.

The facts do not support charges of misdemeanor assault or assault on a minor under Evans' theory that his conduct constituted a "physical contact of an insulting or provoking nature" as described in §§ 45–5–201(c) , –5–212. *Montana v. Cameron*, 106 P.3d 1189, ¶¶ 17-24 (Mont. 2005), directly addressed and

7

rejected this contention. The Court concluded that "sexual contact and physical contact of an insulting or provoking nature are [not] interchangeable terms," *id.* at ¶ 24, and that the elements of the offenses differed. Because the elements of the offenses differ, neither misdemeanor assault nor assault on a minor are lesser included offenses. *See Schmuck*, 489 U.S. at 716.

Here it is undisputed that the victim was asleep, so the facts do not support an obscenity charge or a charge of child endangerment. A lesser included offense instruction is appropriate only when there is sufficient evidence to support the included offense instruction. *Cameron*, at ¶ 20; Mont. Code Ann. 46–16–607(2). Both obscenity and child endangerment require some communication with, or presentation to, the minor victim. Mont. Code Ann. §§ 45–8–201(d), –5–622(2)(b)(ii). Here, T. was asleep. No communication with or presentation to her was ever made. Evans' claim that obscenity or child endangerment are applicable lesser included offenses is denied and Judge Lynch is affirmed.

Indecent assault and indecency with a child are not crimes listed in the Montana Criminal Code. Therefore, these offenses cannot be lesser included offenses.

Though not specifically raised in Evans' petition, (doc. 1-1 at 5), Judge Lynch, citing *Bashor v. Risley*, 730 F.2d 1228, 140 (9th Cir. 1984), found that

Evans' counsel was not ineffective for failing to request a lesser included offense instruction because the facts did not support one. *Bashor* held that counsel's failure to request a lesser included offense instruction did not constitute ineffective assistance when the decision was a tactical one to force the jury to convict of the charge or acquit outright. Evans does not mention his attorney or any failures on his attorney's part in his objections to Judge Lynch's finding regarding lesser included offenses. (Doc. 23 at 4-5.)

A lesser included offense instruction may only be granted when "the jury, based on the evidence, could be warranted in finding the defendant guilty of the lesser included offense." Mont. Code Ann. 46–16–607(2). For the reasons described here, Evans was not entitled to a lesser included offense instruction. Therefore, Evans' counsel was not ineffective for failing to request a lesser included offense. This claim is denied and Judge Lynch's reasoning is affirmed.

### C. Maximum Penalty

Evans argues that the maximum penalty for an attempted offense is either half the maximum for the completed offense or twenty years, citing *State v. Stone*, 105 P. 89 (Mont. 1909). (Doc. 1-1 at 5-6.) Judge Lynch rejected this claim because Montana Code Annotated 45–4–103(3) provides that "[a] person convicted of the offense of attempt shall be punished not to exceed the maximum

9

provided for the offense attempted."

Evans objects that "*State v. Stone* states that one half of the maximum is sentenced." *Stone*'s holding regarding sentencing is based on statutes no longer in force. *Stone*, 105 P. at 90. It is therefore inapposite. Evans also insists that the "last part of Annotations in 45–4–103 states the crime of attempt not punishable by more than half." It does not. Mont. Code Ann. § 45–4–103. Evans also asserts that there is a maximum penalty of twenty years under M.P.C. 213.4, but the Model Penal Code is irrelevant. Finally, Evans claims that 45–5–502(4) does not state a penalty, and that when a penalty is not specified the maximum is ten years. (Doc. 23 at 5.) Evans was charged and convicted for violating 45–5–502(3) which clearly states that the crime carries a maximum penalty of life imprisonment. Evans' claim is denied.

### D. Abandonment, Intoxication, and "Non-Violent Attempt"

Evans believes that no substantial harm was done and "no act of actual danger committed," that he was "drunk and didn't know what [he] was doing and left the area and never posed a threat." (Doc. 1-1 at 6 ¶ 15D.)

Judge Lynch found that none of these allegations constitute a defense and therefore recommended the claim be denied. (Doc. 22 at 10.) He found (1) the fact that B.C. interrupted Evans' actions does not give him a defense of

10

abandonment; (2) intoxication is not a defense under Mont. Code Ann. §

45–2–503 ("A person who is in an intoxicated condition is criminally responsible

for the person's conduct, and an intoxicated condition is not a defense to any

offense . . .") and (3) that lack of violence is not a defense because violence is not

an element. (*Id.*)

Evans objects, citing Perkins, *Criminal Law* (2d ed), ch. 6, § 3, p. 590,

which is quoted in *State v. Mahoney*, 870 P.2d 65 (Mont. 1994). Perkins' treatise

provides that "although a criminal plan has proceeded far enough to support a

conviction of criminal attempt, it would be sound to recognize the possibility of a

*locus penitentiae* so long as no substantial harm has been done and no act of actual

danger committed." Evans also cites to *People v. Kimball*, 311 N.W.2d 343, 349

(Mich. App. 1981) for the same proposition.

*State v. Mahoney*, 870 P.2d 65, 72 (Mont. 1994) holds that "there is no

voluntary and complete renunciation of criminal purpose and abandonment of

criminal effort . . . where the defendant fails to complete the attempted crime

because of unanticipated difficulties, unexpected resistance or circumstances

which increase the probability of detention or apprehension." *Kimball* provides

the same test for a defense of abandonment. *Kimball*, 311 N.W.2d at 349.

Here, B.C. interrupted Evans' sexual conduct, and removed T. from his

11

presence. Evans did not fail to complete his crime as a result of a voluntary and complete renunciation of criminal purpose, but only because of unexpected resistance. There is no defense of abandonment. Judge Lynch is correct that intoxication is not a defense. Mont. Code Ann. § 45–2–503. He is also correct in finding that a lack of violence is not a defense because attempted sexual assault does not require violence as one of its elements. Mont. Code Ann. § 45–5–502(4).

### E.    Double Jeopardy

Evans asserts that he cannot be convicted of both attempt and sexual assault (Doc. 1-1 at 9 ¶ 15E.) Judge Lynch found that Evans was only convicted of attempted sexual assault and therefore recommended denying this claim. (Doc. 22 at 10.)

Evans objects that "numerous amendments were made" to the charging documents. (Doc. 23 at 6.) Regardless, Evans was not convicted of attempted sexual assault and sexual assault. (Doc. 10-8.) He was only convicted of attempted sexual assault and indecent exposure. (*Id.*) The claim is denied.

### F.    Prior Inconsistent Statements

Evans argues that his conviction was based solely on a prior inconsistent statement. (Doc. 1-1 at 9.) Judge Lynch recommended denying this claim because evidence beyond the statements of B.C. was used to convict Evans,

including Evans' admission that he was in T.'s bedroom on the night in question. (Doc. 22 at 10-11.) Furthermore, Judge Lynch found that it was up to the jury to decide whether any inconsistent testimony of B.C. so undermined her credibility that her other testimony could not be believed. (Doc. 22 at 11.)

Evans objects, insisting that the witnesses and the charging documents provide inconsistent accounts of what happened on the night in question. (Doc. 23 at 6.) He also argues that evidence of B.C.'s intoxication, her Bi-Polar medication, and the fact that she had recently broken up with her boyfriend "should have been factors of her inconsistent statements." (*Id.*) On cross-examination, however, B.C. was questioned about a fight with her boyfriend on the night in question and about whether she had consumed any alcohol on the night in question. (Doc. 10-2 at 149:12-150:17.)

In considering the sufficiency of the evidence in a habeas proceeding "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Va.*, 443 U.S. 307, 319 (1979). Inconsistent testimony from a witness is sufficient to support a conviction. *See Ticey v. Peters*, 8 F.3d 498, 503 (7th Cir. 1993). "The fact finder must resolve the problem posed by conflicting hypotheses." *Id.* at 504. Here, a

13

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, notwithstanding the inconsistency of any testimony offered by B.C. The claim is denied.

### G.    Proportionality Review

Judge Lynch ordered the State to file an Answer to this claim.

### H.    Plea Offer

Evans next argues that the prosecutor "sentenced me higher for vindictive purposes and malicious intent and my insistence on going to trial and refusal to admit guilt and take 'responsibility' for my 'actions.'" (Doc. 1-1 at 10.) Judge Lynch recommended denying the claim because he found "it is not unconstitutional for a defendant to be sentenced more harshly when he goes to trial," citing U.S.S.G. § 3E1.1 which allows for a sentence reduction when a criminal defendant pleads guilty rather than contesting guilt at trial. (Doc. 22 at 13.) Judge Lynch noted that the maximum sentence is set by statute and the actual sentence is set by the judge. (*Id.*)

Evans cries foul by asserting that he was offered 10 years all suspended for Criminal Endangerment, but the offer was not presented in court. (Doc. 23 at 7.) Even if this were true, Evans did not accept the plea offer, but elected to go to trial instead. Judge Lynch correctly concluded that this claim should be denied

14

because the trial judge's sentence was within the maximum allowed by statute and it is not unconstitutional for a sentence to be greater when guilt is contested at trial and the defendant refuses to accept responsibility.

## I. Joinder

Evans persists in his view that the district court had no jurisdiction to try him for misdemeanor indecent exposure. (Doc. 1-1 at 11.) Judge Lynch recommended denying this claim because Mont. Code Ann. § 3-5-302(1)(a) and § 3-5-302(2), provide a district court with jurisdiction in all felony cases and in all misdemeanor cases "arising at the same time as and out of the same transaction as a felony or misdemeanor offense charged in district court." (Doc. 22 at 13.)

In objecting, Evans changes his tack. He now argues that the jury "was confused as to which charge offended which person" and that joinder was therefore improper. (Doc. 23 at 7.) Evans did not raise this issue in his original petition. The argument lacks merit. It is routine for two or more offenses involving the same conduct to be tried in the same case, even when there are separate victims. The jury instructions are given to educate the jury about the elements of each offense. Evans has not alleged sufficient facts to support any claim of jury confusion. This claim is denied.

15

### J.  Sex Offender Treatment

Judge Lynch ordered the State to file an answer to this claim.

### K.  "Procedure Bar"

Evans complains generally about the process for seeking post-conviction relief. (Doc. 1-1 at 11.) He also asserts that his "lawyer did not object to anything" and was ineffective. (*Id.*) Judge Lynch recommended denying this claim because it does not allege a basis for relief against the conviction or sentence. (Doc. 22 at 14-15.)

Evans objects by arguing that he was not afforded a fair defense because he "does not know about legal proceedings and is reliant on a state public defender." (Doc. 23 at 8.)

Most of Evans' complaints do not provide a basis for relief and amount to a general complaint about criminal and habeas procedure. (Doc. 1-1 at 11.) His claim that his counsel was ineffective would provide a grounds for relief if properly alleged. However, Evans must show both that his counsel was deficient and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Evans' general allegations regarding his counsel's lack of objections is insufficient. Evans' lawyer did object at multiple points during the trial. (*See e.g.* Doc. 10-2 at 142:16, 143:14.) This claim is also denied.

16

## L. Amended Petition for Postconviction Relief

Evans alleges that he filed an amended petition for postconviction relief,

"but that petition was never heard from." (Doc. 1-1 at 12.) Judge Lynch found

that the claim presents no federal ground for relief because "[a]ny error in the trial

court's procedure could have been corrected on appeal to the Montana Supreme

Court, but Evans did not appeal." (Doc. 22 at 15.)

Evans claims that he "can only claim due process by not receiving a

response" to his amended petition for postconviction relief. (Doc. 23 at 8.)

However, as Judge Lynch explained, the trial court denied postconviction relief

one month after Evans' filing for amended petition. Evans filed his "Notice to File

Amended Post-Conviction Relief" on August 9, 2010 and the trial court denied his

postconviction petition on September 10, 2010. (Doc. 10-1 at entry 81,82.)

Furthermore, Evans' failure to appeal the issue to the Montana Supreme Court is

fatal to his claim.

Evans again raises a new claim in his objections. Here he asserts that he

"was misinformed by State appointed attornies [sic]." (Doc. 23 at 8.) This

allegation is insufficient to support a claim for relief. The claim is doomed and

denied.

17

### M1.  Invalid Jury Instructions/Amendment

Evans alleges that the charge against him was amended only three days before trial and he was not arraigned on the Amended Information. He also alleges that he was "basically convicted of the actual crime, without any hard physical evidence, and D.O.C. classified me under Sexual Assault 'High Severity' instead of ATTEMPT what I was charged with." (Doc. 1-1 at 12.) Judge Lynch recommended denying the claim because all charging documents sufficiently apprised Evans of the elements of the offense and what he must be prepared to meet. *Russell v. U.S.*, 369 U.S. 749, 763-64 (1962). (Doc. 22 at 15-17.) Even though Evans did not discuss them, Judge Lynch found that the jury instructions were correct. (Doc. 22 at 17.) He also rejected Evans' claim that the D.O.C. misclassified him because a classification system based on attempted versus completed offenses would be irrational. (*Id.*)

Evans objects that no lesser included offense instruction was presented. This objection does not address the original claim that the charges were amended. Judge Lynch's finding concerning the charges against Evans are supported by the discussion above. The claim regarding lesser included offenses is also addressed above. Evans' claim is denied.

Evans also contends that the jury instructions "seem to point to guilt but not

18

any reasonable doubt." This was not raised in the original petition but even so it is without merit. The jury instructions properly discussed reasonable doubt. (Doc. 10-6 at 13:4-13:20.) This claim is also denied.

### M2. Juror Bias

#### 1. Jurors with Connections to Law Enforcement

Evans contends that "numerous jurors" were not impartial because they had connections with law enforcement and/or connections with victims of sex crimes. (Doc. 1-1 at 12.) Judge Lynch denied the claim finding "no reason to believe the jurors were anything less than fair and impartial." (Doc. 22 at 19.)

While in his original petition Evans contended that "numerous jurors" were biased because of connections to law enforcement, (doc. 1-1 at 12), in his objections, he has narrowed the scope of his contentions to Juror Ward. (Doc. 23 at 9.) For all jurors except Juror Ward, Judge Lynch's findings are reviewed for clear error. There is no clear error in Judge Lynch's conclusions that Juror Johnson and Juror Althouse could serve as impartial jurors. Johnson's experience as law enforcement for the State Department of Natural Resources and Conservation does not make him *per se* impartial. The same is true of Althouse's vague association with Deputy Ewers, one of the responding officers. The transcript only shows that Althouse recognized Deputy Ewers, not that the two

19

were closely associated. (Doc. 10-6 at 36:10-37:25.)

Evans contends that Ward "had a direct line to Evans' case," and cites the "Witherspoon-Witt rule" and Mont. Code Ann. § 46–16–115(2)(j). (Doc. 23 at 9-10.) The "Witherspoon-Witt rule" presumably refers to principles derived from *Wainwright v. Witt*, 469 U.S. 412 (1985) and *Witherspoon v. Ill.*, 391 U.S. 510 (1968), both of which concern seating jurors on capital punishment cases. Because Evans' case is not a capital punishment case, the "Witherspoon-Witt rule," if any, is inapposite. Montana Code Annotated § 46–16–115(2)(j), provides the opportunity to challenge for cause when a potential juror has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Evans did not challenge Ward for cause. (Doc. 10-6 at 103:16.) Nor did he use a peremptory challenge to exclude Juror Ward. (Doc. 10-6 at 104:20.) Thus, § 46–16–115(2)(j) does not provide Evans with a grounds for relief in this habeas action.

Ward repeatedly stated that he was capable and willing to decide the case solely on the evidence. (Doc. 10-6 at 27:10-28:13, 37:15-16, 82:8-19, 93:13-94:18.) Ward did not have a "direct line to Evans' case;" rather he had some personal experience with a victim of sexual assault and some distant familial

20

association with the sheriff. Under these facts, Judge Lynch correctly concluded that Evans was afforded a fair trial by an impartial trier of fact, particularly given the sworn answers by Ward that he could be fair and impartial.

## 2. Jury of Peers

Evans claims that "the jury was not comprised of my 'peers'" because "[t]he only two Native American jurors were mothers of children,"(doc. 19 at 3), and there was "a lack of male Native Americans on the jury." (*Id.* at 4.) Judge Lynch recommended denying this claim because (1)"entitlement to 'a jury of his peers' does not mean the State was required to empanel a statistically representative group of residents of Lake County;" (2) Evans could not succeed on a *Batson* challenge because he did not object to the prosecutions use of peremptory challenges at trial; (3) Evans failed to identify any fact that could support an inference of intentional invidious discrimination in jury selection; (4) the claim is barred by 28 U.S.C. § 2254(e)(2); and (5) the claim is time-barred because there is no "common core of operative facts." (Doc. 22 at 20-21.)

Evans cites a variety of federal cases and again attacks the impartiality of Juror Ward. (Doc. 23 at 9.) For reasons described above, Ward's participation did not deprive Evans of an impartial trier of fact. The cases cited by Evans do not provide support for Evans' position that he was denied an impartial jury. *Batson v.*

21

*Ky.*, 476 U.S. 79 (1986), *Snyder v. La.*, 552 U.S. 472 (2008), *Johnson v. Finn*, 655 F.ed 1063 (9th Cir. 2011),*Collins v. Rice*, 348 F.3d 1082 (9th Cir. 2003), *United States v. Torres-Hernandez*, 447 F.3d 699 (9th Cir. 2006), *Remmer v. United States*, 347 U.S. 227 (1954), and *United States v. Simtob*, 485 F.3d 1058 (9th Cir. 2007) all deal in one way or another with the issue of jury prejudice or improper jury selection. None of these cases provide support for Evans' claim. Likewise, Evans' cite to *Skilling v. United States*, 130 S. Ct. 2896 (2010) is inapposite.

Evans also insists that Montana's system for selecting jurors from a list of registered voters and driver's license holders who meet age, residence, and criminal history qualifications, *see* Mont. Code Ann. §§ 3–15–402, 61–5–127(1), 3–15–301, –303, disfavors selection of Native American jurors who have no driver's license, or state ID, or who have felonies. (Doc. 23 at 10.)

Even if this were true, Montana's jury selection system is not unconstitutional. "The Sixth Amendment guarantees a defendant the right to a jury pool consisting of a fair cross section of the community." *U.S. v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). However, "[a] defendant has no constitutional right to a jury composed in whole or in part of persons of his race." *Id.* Montana's system for selecting a jury pool does not render a "systematic exclusion" of any minority group, including Native Americans. *See id*, at

22

799–800; *Duren v. Mo.*, 439 U.S. 357, 366 (1979). Indeed, establishing jury pools based on voter registration lists and supplementing this pool with some additional source is the plan endorsed by 28 U.S.C. § 1863(b)(3). This claim is rejected and denied.

## N.    Unlawful Search and Seizure

Evans believes the swabbing of his hands and his penis for DNA evidence was wrong. (Doc. 1-1at 13.) Judge Lynch recommended denying this claim because whatever took place no related evidence was introduced at trial. (Doc. 22 at 22.) Evans does not object to Judge Lynch's finding and concedes that he "realizes that this claim cannot be asserted in this petition." (Doc. 23 at 11.) There is no clear error in Judge Lynch's findings and therefore this claim is denied.

## O.    "More" Double Jeopardy

Evans contends that he was "charged in the information of exposing my penis twice." (Doc. 1-1 at 13.) Judge Lynch recommended denying the claim because the elements of attempted sexual assault and indecent exposure are distinct, citing *United States v. Dixon*, 509 U.S. 688, 696 (1993) and *Blockburger v. United States*, 284 U.S. 289 (1932), and the reasons described above. (Doc. 22 at 22.)

Evans objects by asserting that he "received two tickets stating he exposed his penis," (doc. 23 at 12,) but Evans was only convicted of one count of indecent exposure and one count of attempted sexual assault. (Doc. 10-8 at 1.) He renews his argument that indecent exposure can be a form of preparation for sexual assault. (Doc. 23 at 12.) This objection is without merit for the reasons stated earlier. The elements of the two crimes are distinct.

Evans' objections are without merit, and Judge Lynch correctly concluded that there was no double jeopardy. The claim is denied.

## P.    Character Witnesses

Evans next shifts to an argument that a character witness on his behalf would have been helpful but "the courts told them it was a conflict of interest." (Doc. 1-1 at 13-14.) Judge Lynch recommended denying the claim because any such character evidence, if admitted, would "not make it reasonably probable that [Evans] would have been acquitted." (Doc. 22 at 22.) Judge Lynch reasoned that the jury was presented with video tape evidence in which Evans admitted three times that he was in bed with T. on December 10, 2008 and that character evidence would not likely outweigh this evidence. (Doc. 22 at 22.)

Evans disagrees by asserting that B.C.'s credibility could and should have been attacked by character witnesses testifying for Evans. (Doc. 23 at 12.) Evans

24

states that he could not adequately attack B.C.'s credibility because his character witnesses were unavailable. (*Id.*) He also argues that he "could have called the alleged victim for his own character witness." (*Id.*)

Judge Lynch correctly found that any character evidence Evans offered, whether through the victim or otherwise, would not make it reasonably probable that Evans would have been acquitted. Such character evidence would not rebut the testimony of B.C. and Evans' own admissions that he was in bed with T. on December 10, 2008. B.C.'s credibility was attacked on cross-examination. (Doc. 10-2 at 149:12-150:17.) Furthermore, testimony that Evans "was a good person . . . and had a good future," (doc. 19 at 5,) would have opened the door on cross-examination to Evans' criminal history consisting of eighteen misdemeanors and 12 infractions on twenty different occasions, consisting primarily of resisting or obstructing officer, disorderly conduct, and drug and alcohol related offenses. (Doc. 10-14 at 36-37.) Especially considering the possible negative consequences of calling any character witness, such evidence would not have made it reasonably probable that Evans would have been acquitted. Once again, the claim is denied.

## Q.    Post-conviction petition

Evans claims the court should "consider all grounds brought up in post-conviction relief." (Doc. 1-1 at 14.) Judge Lynch rejected this claim because

25

Evans was previously advised that the court would not consider all grounds brought up in post-conviction relief, citing Order to Show Cause at 10. (Doc. 22 at 23.) Judge Lynch also expressed doubt about whether this request constituted a claim. (*Id.*)

Evans objects that he should be given the opportunity to raise all claims because he could be barred from asserting the claims in a later proceeding. (Doc. 23 at 12.)

Judge Lynch correctly held that the Court need not entertain claims not specifically plead in his habeas petition. Petitioners in a habeas petition bear the burden of proof to show a constitutional violation. *McMann v. Richardson*, 397 U.S. 759, 787 (1970). This claim is denied.

### R1. Cumulative Error

Evans claims that "[t]here are a lot of 'errors' the court made but individually they are harmless but they all push the envelope between 'accidental' and getting away with something." (Doc. 1-1 at 14.) Evans points to the amendment of the charge from (attempt) sexual assault to attempt (sexual assault) as one such error, and the inconsistent testimony of B.C. as another error. (*Id.*) Judge Lynch recommended denying this claim because Evans failed to identify any trial error, and therefore there could be no cumulative error. (Doc. 22 at 23.)

26

Evans insists his counsel failed to object when Evans made notes for objections, and failed to request jury instructions. (Doc. 23 at 13.) He also reiterates his claim regarding amendment of the charging documents. Finally, he asserts that he "had no real evidence presented to him before trial such as video or audio to review." (*Id.*)

Except for the claim of error regarding the charging documents, none of these claims were raised in the original petition. Evans' claims regarding his counsel are construed as claims for ineffective assistance. An ineffective assistance of counsel claim has two components. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Evans has not alleged, nor does the record reveal, facts sufficient to meet this burden. The record shows that Evans counsel objected at multiple points during the trial. (*See e.g.* doc. 10-2 at 142:16, 143:14.) The record also reveals that counsel for Evans received a copy of the final jury instructions and the instructions were argued in a court hearing. (Doc. 10-3 at 204:-206:25.)

There was no error in the charging documents. Evans' claim that "no real evidence" was presented to him before trial fails to cite to any portion of the record to support the claim.

27

### R2.   Right to Be Present

In his original petition, Evans claimed that he was not present at all hearings. (Doc. 1-1 at 14).  In his Brief Clarifying Claims he conceded that he was present at all hearings. (Doc. 19 at 5.)  Judge Lynch therefore recommended denying the claim. (Doc. 22 at 23.)

Evans objects that he had right to be present at the "[e]videntiary hearing if there was an actual hearing" "any plea offering hearing" and "at hearings where his case seemed to be continued." (Doc. 23 at 13.)

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Ky. v. Stincer*, 482 U.S. 730, 745 (1987).  Evans points to no hearing where his presence was denied.  Evans pled not guilty and elected to go to trial.  He does not have a constitutional right to be present at post-conviction proceedings. *Oken v. Warden, MSP*, 233 F.3d 86, 93 (1st Cir. 2000). The claim is denied.

### S-Z.   Other Claims

Evans reiterates several arguments already made in other claims.  (Doc. 1-1 at 15-16.)  Judge Lynch recommended denying the claim because "Evans does not state anything in Ground S that has not already been addressed."  (Doc. 22 at 23.)

Evans makes no claims labeled T through Y, and claim Z consists of a list of cases indicating the sentences given to the defendants. (Doc. 1-1 at 15-16.) Claim Z is rightly construed as relating to Evans' proportionality review claim for which Judge Lynch has ordered the State to file an Answer.

Evans objects by stating that he cannot remember these claims "but still asserts" them. (Doc. 23 at 13.)

Judge Lynch correctly concluded that the claims do not raise any issues that are not addressed in other sections. This claim is denied.

## CONCLUSION

Each of Evans' claims fail on the merits. Judge Lynch's Findings and Recommendations are adopted in full.

Ultimately, other than the two claims for which the State must file an answer, all of Evans' claims for habeas relief fail on the merits. All of his claims rejected by Judge Lynch are denied.

IT IS HEREBY ORDERED that Judge Lynch's Findings & Recommendation (doc. 22) are adopted in full. Claims A-F, H-I, and K-Z of the Petition (doc. 1) are DENIED.

Dated this 31st day of October 2012.

Donald W. Molloy, District Judge
United States District Court

29