IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
MAY 29 2013
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| MARTY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, Warden,<br>Montana State Prison;<br>ATTORNEY GENERAL OF<br>THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 11-112-M-DWM-JCL<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Montana state prisoner Marty Evans' petition for writ of habeas corpus under 28 U.S.C. § 2254 and Respondent's motion to dismiss. Evans was convicted by a jury in Montana's Twentieth Judicial District Court, Lake County, of one count of attempted sexual assault and one misdemeanor count of indecent exposure. He was sentenced to serve a total of fifty years in prison, with twenty years suspended. Judgment (doc. 10-8) at 1-2.

On December 8, 2011, Evans was ordered to show cause why all of the claims in his federal petition should not be dismissed as procedurally defaulted. He

1

responded on May 23, 2012. Most of his claims were then addressed on the merits. On July 20, 2012, all but two were recommended for denial, and the State was required to respond to the remaining two claims.

The State filed its Answer on October 17, 2012, and also moved to dismiss the claims as time-barred and as procedurally barred. Evans filed a reply and response to the motion on November 5, 2012, and the State filed a reply in support of its motion to dismiss on November 15, 2012.

## I. Timeliness

The State asserts that Evans' petition is untimely because, even allowing for statutory tolling under 28 U.S.C. § 2244(d)(2) for Evans' postconviction proceedings, Evans filed his petition 35 days late. But, after the conclusion of postconviction proceedings, Evans applied for sentence review. That application was pending from October 21, 2010, to June 2, 2011, significantly more than 35 days. Following the analysis of *Rogers v. Frink*, No. CV 12-13-BU-DLC-JCL, *see* Findings and Recommendation (doc. 20) at 4-27 (D. Mont. filed May 29, 2013), Evans' petition was timely filed.

## II. Procedural Default

Generally, a federal habeas petitioner must fairly present his federal claims to the state courts before he may pursue them in federal court. *Rose v. Lundy*, 455 U.S.

2

509, 520 (1982). To "fairly present" a federal claim in state court, a petitioner must use the "remedies available" through the state's established procedures, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), and he must describe "the federal legal theory on which his claim is based" and "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

The State correctly asserts that Evans did not fairly present Claims G and J to the Montana Supreme Court. A federal court may deem state remedies exhausted, and move on to the question of whether a petitioner's procedural default is excused, only if it is clear that the State makes a remedy available, and that remedy is no longer available. *Rhines v. Weber*, 544 U.S. 269, 273-76 (2005); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002); *Johnson v. Lewis*, 929 F.2d 460, 463-64 (9th Cir. 1991). If these requirements are met, the claim is defaulted, and a federal court may not consider the merits of the claim unless the petitioner's default is excused.

### A. Claim G

Claim G alleges that Evans' sentence – fifty years for attempted sexual assault, consisting of a thirty-year prison term and a twenty-year suspended term – is grossly disproportionate to his offense and so violates the Eighth Amendment. Evans had

3

multiple opportunities to raise this claim in the state courts, on direct review,[1] in postconviction, or on sentence review. In each of these proceedings, he either failed to assert an Eighth Amendment violation or failed to perfect an appeal from the trial court's denial of the claim. Therefore, Claim G was not "fairly presented" in state court.

The next question is whether Evans may yet raise the claim in state court. He may not. Under Montana law, "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Mont. Code Ann. § 46-22-101(2). There is a narrow exception to this rule. The Montana Supreme Court will hear a habeas petition challenging "a facially invalid sentence—a sentence which, as a matter of law, the court had no authority to impose." *Lott v. State*, 150 P.3d 337, 342 ¶ 22 (Mont. 2006). But, because Evans' sentence falls within the maximum penalty imposed by the Montana Legislature, *see* Mont. Code

---

[1] While a sentence that violates the Eighth Amendment is no doubt illegal, the Montana Supreme Court defines "legality" in this context as "whether the sentence falls within statutory parameters." *E.g.*, *State v. MacDonald*, __ P.3d __, No. DA 12-0218, slip op. at 4-5 ¶ 9 (Mont. Apr. 23, 2013); *State v. Starr*, 169 P.3d 697, 698 ¶ 7 (Mont. 2007); *State v. Denham*, 107 P.3d 1263, 1264 ¶ 5 (Mont. 2005); *State v. Heath*, 90 P.3d 426, 429 ¶ 13 (Mont. 2004); *State v. Pritchett*, 11 P.3d 539, 541 ¶ 6 (Mont. 2000). Because Evans' sentence falls within statutory parameters, it is arguable that his Eighth Amendment claim fell outside the scope of the Montana Supreme Court's direct review. But Evans could have presented the claim to the Sentence Review Division. He did not refer to a federal legal theory there, so there is no occasion to consider whether further steps would have been required as well to fully exhaust the claim.

4

Ann. §§ 45-4-103(3), -5-502(3) (2007); *see also, e.g., State v. Thorp*, 231 P.3d 1096, 1103 ¶ 42 (Mont. 2010), the sentence is not facially invalid. While a petition for extraordinary writ may enable the Montana Supreme Court to review proceedings of the Sentence Review Division, *Ranta v. State*, 958 P.2d 670, 672 ¶ 12 (Mont. 1998), Evans failed to assert an Eighth Amendment violation when he came before the Division, and his sentence review was completed two years ago. A petition would not be granted. *See* Mont. R. App. P. 14(3); *Office of State Public Defender v. Eighteenth Jud. Dist. Court*, 255 P.3d 107, 108-09 ¶ 2 (Mont. 2011); *State ex rel. Smartt v. Judicial Standards Comm'n*, 50 P.3d 150, 158 ¶ 39 (Mont. 2002). Evans' state remedies with respect to Claim G are exhausted, but the claim is defaulted.

Evans briefly asserts ineffective assistance of counsel to excuse his default, Resp. to Mot. (doc. 34) at 5, but he did not present that claim in state court, and counsel's alleged failure to present mitigating evidence would not excuse default of an Eighth Amendment disproportionality claim. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). He also continues to claim, but not to prove, his innocence. His default is unexcused. Claim G should be dismissed with prejudice.

### B. Claim J

The State was ordered to respond to Claim J because it was not clear whether Evans was adequately protected against unlawful compulsory self-incrimination. He

5

alleged that he was required to participate in a sex offender treatment program in prison while his case was on appeal and while he contemplated collateral attack. Pet. at 11 ¶ 15J. The timing of the required admission of responsibility for the offense was an important factor in *Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997). Additionally, Evans's allegations suggested that the only opportunity for treatment he would have while serving the thirty-year prison term of his sentence – and thus his only opportunity to meet a condition precedent to a possible parole – came and went while his case was pending on appeal. Pet. at 11 ¶ 15J; *cf. also United States v. Antelope*, 395 F.3d 1128, 1137-38 (9th Cir. 2005) (discussing *Lile v. McKune*, 536 U.S. 24 (2002) (opinions of Kennedy, J., and O'Connor, J., concurring in the judgment)).

Evans' response to the State's motion to dismiss, however, shows that he alleges only that the terms of the Judgment are contradictory. He also states that he would have to become "a fiction writer" to "pass" the requirements of the sex offender treatment program. Resp. to Mot. (doc. 34) at 6, 9. First, there is no contradiction in the terms of the Judgment. Evans must complete sex offender treatment programs available in the prison, and when he is released, he must enroll in a treatment program outside the prison. Judgment (doc. 10-8) at 8 ¶¶ 33, 35. Second, Evans makes no further reference to compulsory self-incrimination or to

6

exclusion from prison treatment programs based on his refusal to waive the privilege. He could state a claim under the Fifth Amendment only if he both continues to hold the privilege and suffers some adverse effect based on his refusal to relinquish it. As he does not assert these facts, Claim J should be dismissed for failure to state a claim on which relief may be granted.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. 473, 484 (2000)).

Evans' petition is rooted in his belief that his conduct was not so bad as to be

7

worthy of a fifty-year sentence with twenty years suspended. But he fails to identify a legal error in the proceedings. He was advised of the maximum penalty (Claim A), which is the same for attempt as for completion of the offense (Claim C). There were no lesser included offenses (Claim B). A sexual offense against a child is not abandoned if the defendant is interrupted by the child's mother before completing the offense. The jury was correctly instructed on what the prosecution had to prove and on the effect of intoxication under Montana law, *see* Trial Tr. (doc. 10-3) at 256:16-18, 257:12-17, 260:13-20; *Montana v. Egelhoff*, 518 U.S. 37, 56 (1996). Lack of violence in the offense is not a factor (Claim D). There was no double jeopardy (Claims E, O). The mother's testimony arguably was not inconsistent, and even if it was, the jury could rationally find beyond reasonable doubt the facts consistent with guilt (Claim F). A plea offer that is not accepted has no effect on the sentence imposed (Claim H). Joinder of a misdemeanor with a felony was lawful under state law and did not prejudice Evans (Claim I). Evans' claim regarding sex offender treatment shows neither compulsion nor self-incrimination (Claim J). No claim arises from Evans' allegations of "procedure bar" (Claim K) or error regarding his failure to timely amend his postconviction petition in state court (Claim L). The jury was correctly instructed on attempt, and there is no logic in a prison classification system based on completed versus attempted offenses (Claim M1). All the jurors whose

impartiality Evans has questioned stated they could be impartial, and a jury panel constituted from a pool of registered voters and licensed drivers does not systematically exclude Native Americans (Claim M2). Evidence of the swabs taken from Evans' hands and penis was not introduced at trial, so no Fourth Amendment claim arises (Claim N). Any attempt to present character evidence on Evans' behalf would have courted disaster (Claim P). A federal court has no obligation to comb through a petitioner's state pleadings to locate claims (Claim Q). Evans failed to show cumulative error (Claim R1), and he concedes he was present at all hearings he was entitled to attend under federal law (Claim R2). None of the claims meets even the low threshold of 28 U.S.C. § 2253(c)(2).

Although Claim G might meet the low threshold of 28 U.S.C. § 2253(c)(2), the claim is procedurally defaulted because Evans did not present it in the state courts. The default is unexcused because Evans fails to show a cognizable cause for his default and fails to prove he is actually innocent.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The State's motion to dismiss (doc. 31) should be GRANTED as to Claim G. Claim G should be DISMISSED WITH PREJUDICE.

2. Claim J should be DISMISSED for failure to state a claim on which relief may be granted.

3. All other claims having been denied, the Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If any party files objections, the party must itemize each factual finding to which objection is made and identify the evidence in the record it relies on to contradict that finding; and it must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude a party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Evans must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of May, 2013.

Jeremiah C. Lynch
United States Magistrate Judge