

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTY EVANS,<br><br>        Petitioner,<br><br>   vs.<br><br>LEROY KIRKEGARD, Warden,<br>Montana State Prison; ATTORNEY<br>GENERAL OF THE STATE OF<br>MONTANA,<br><br>        Respondents. | CV 11–112–M–DWM<br><br><br>ORDER |

## INTRODUCTION

Petitioner Marty Evans is a state prisoner proceeding *pro se*. He petitions for a writ of *habeas corpus* under 28 U.S.C. § 2254. Mr. Evans was convicted by jury trial in Montana's Twentieth Judicial District Court, Lake County of one count of attempted sexual assault on a minor, in violation of Montana Code Annotated § 45–4–103(1) and § 45–5–502, and one count of indecent exposure, in violation of Montana Code Annotated § 45–5–504(1). For the attempted sexual assault, Mr. Evans was sentenced to fifty years in prison with twenty years suspended. On the indecent exposure charge, he was sentenced to six months, to

run concurrent with his prison term for the attempted sexual assault. Mr. Evans appealed to the Montana Supreme Court, but decided to voluntarily dismiss his appeal on April 7, 2010. He sought post-conviction relief in the trial court on June 10, 2010. That petition was denied September 10, 2010 and Mr. Evans did not elect to appeal that judgment to the Montana Supreme Court. Mr. Evans sought review of his sentence before the Montana Supreme Court Sentence Review Division on October 21, 2010. His sentence was affirmed on June 2, 2011. Other pertinent facts are set forth in this Court's previous Order adopting Findings and Recommendations, (doc. 33), and will be recited here only as necessary.

Mr. Evans filed this petition on August 15, 2011. Pursuant to Local Rule, the petition was referred to United States Magistrate Judge Jeremiah C. Lynch. *See* D. Mont. L. R. 73.1(a)(1) (Dec. 1, 2010). Judge Lynch ordered Mr. Evans to show cause why the claims in his petition should not be dismissed for procedural default. (Doc. 11.) Mr. Evans responded, (docs. 18, 19), and most of his claims were then addressed on the merits. On October 31, 2012, the Court adopted Judge Lynch's findings and recommendation that all but two of Mr. Evans' claims be denied. (Doc. 33.) The state was required to file an Answer regarding two claims related to Mr. Evans' sentence. The state filed its Answer and also moved to dismiss the claims. (Docs. 30, 31.) Mr. Evans filed a Reply and Response on

-2-

November 5, 2012. (Doc. 34.) The state filed a Reply in support of its Motion to Dismiss on November 15, 2012. (Doc. 35.)

A consent election was conducted after the state filed its Answer and Motion to Dismiss, (*see* doc. 39), but one or the other party, or both, objected, so the matter was re-referred to Judge Lynch for Findings and Recommendations, (*see* doc. 40). While consent is required to refer dispositive matters to a United States Magistrate Judge for final judgment, referral for consideration and submission to an Article III Judge on Findings and Recommendations does not require consent of the parties. 28 U.S.C. § 636(b)(1). The case now before the Court for *de novo* review of the portions of Judge Lynch's Findings and Recommendations to which Mr. Evans objects, pursuant to 28 U.S.C. § 636(b)(1).

The state was ordered to answer Claims G and J presented in Mr. Evans' petition. (*See* doc. 22 at 24.) In Claim G, Mr. Evans seeks a writ of *habeas corpus* based on the alleged disproportionality of his sentence, in violation of the Eighth Amendment. Specifically, he argues that the sentence imposed by the state district court is overly excessive in light of the crimes with which he was charged and of which he was convicted. In Claim J, Mr. Evans seeks the writ because he was allegedly forced to incriminate himself while his case was on appeal and while he was contemplating collateral attack to the judgment, in violation of the

-3-

Fifth Amendment.  Specifically, he argues his participation in sex offender

treatment, as ordered by the judgment of the state district court, required him to

admit his guilt of the crimes with which he was charged and of which he was

convicted.  Following review of the state's Answer and Motion to Dismiss and

Mr. Evans' response, Judge Lynch recommends both claims be dismissed.  (*See*

doc. 41 at 9-10.)

 Mr. Evans timely filed Objections, (doc. 42), to Judge Lynch's Findings

and Recommendations.  His Objections relate to the claims addressed in Judge

Lynch's Findings and Recommendations and present new arguments not found in

the Petition.  Mr. Evans' Objections are now considered in turn.

## ANALYSIS

## I. The Court exercises its discretion to address, but not consider on-merits, new arguments raised by Petitioner in his Objections.

 Mr. Evans asserts that the counsel appointed for direct review of his state

conviction and for his sentence review proceedings provided ineffective

assistance.  (Doc. 42 at 1-2.)  He also claims he has been denied access to an

adequate law library.  (Doc. 42 at 7.)  These lines of argument are independent

claims for relief not raised in Mr. Evans' original Petition.  These claims do not

relate to either Claim G (proportionality) or Claim J (self-incrimination) now at

issue.[1]

While a court is not required to consider evidence or argument presented for the first time in objections to a United States Magistrate Judge's Findings and Recommendations, it must actually confront the new argument and decide whether it is appropriate to entertain it. *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002). Pursuant to *United States v. Howell*, a court reviewing objections must exercise its discretion to consider new arguments. 231 F.3d 615, 621 (9th Cir. 2000). Reasoned application of this discretion demands consideration of a litigant's *pro se* status. *Akhtar v. Mesa*, 698 F.3d 1202, 1208-09 (9th Cir. 2012). "Prisoner *pro se* pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Mr. Evans is a state prisoner proceeding *pro se*. In light of his status as a *pro se* litigant, the Court exercises its discretion and will consider new arguments

---

[1] Mr. Evans attempts to link the ineffective assistance claim presented in his Objections to the proportionality argument he asserts in Claim G in his original Petition. (*See* doc. 42 at 2.) The conclusion that he is entitled to relief from his sentence because it is disproportionate, in violation of the Eighth Amendment, does not follow from the premise that his counsel on direct review and sentence review was ineffective. Even if his counsel's performance was deficient on direct review and sentence review and such deficiency prejudiced Mr. Evans, these ineffective assistance claims relate to proceedings that took place after his sentence was imposed. Questions related to the proportionality of the sentence actually imposed are unrelated to the performance of Mr. Evans' counsel appointed for post-trial proceedings.

presented for the first time in his Objections.  Leave to amend the Petition to assert

these claims will not be granted, however, as amendment to assert this claim

would be futile.  *See Lockheed Martin Corp.  v.  Network Solutions, Inc.*, 194 F.3d

980, 986 (9th Cir.  1999) ("Where the legal basis for a cause of action is tenuous,

futility supports the refusal to grant leave to amend.").  28 U.S.C. §§ 2254(b), (c)

require a federal district court to dismiss claims raised in a petition for *habeas*

*corpus* that have not been exhausted in state courts.  The United States Supreme

Court's strict interpretation of the exhaustion requirement in *Rose v.  Lundy* is

illustrative:

> [O]ur interpretation of §§ 2254(b), (c) provides a simple
> and clear instruction to potential litigants: before you
> bring any claims to federal court, be sure that you first
> have taken each one to state court. Just as *pro se*
> petitioners have managed to use the federal habeas
> machinery, so too should they be able to master this
> straightforward exhaustion requirement.  Those prisoners
> who misunderstand this requirement and submit mixed
> petitions nevertheless are entitled to resubmit a petition
> with only exhausted claims or to exhaust the remainder
> of their claims.

455 U.S. 509, 520 (1982).  Mr.  Evans has not affirmatively stated that state

remedies for these claims have been exhausted.  A review of the docket of the

Montana Supreme Court reveals that he apparently has not filed these claims with

the Montana Supreme Court.  Amendment of the petition to assert these claims

would be futile, as they have not met the exhaustion requirement.  Accordingly,

Mr. Evans' claims raised for the first time in his Objections, claiming ineffective

assistance of counsel on direct review and sentence review and lack of access to

an adequate law library are dismissed.

## II.    Petitioner's claim regarding effectiveness of trial counsel has already been litigated and decided.

Mr. Evans claims his trial counsel provided ineffective assistance, in

violation of his rights under the Assistance of Counsel Clause of the Sixth

Amendment.  (Doc. 42 at 2-3.)  While not directly raised in his petition, this claim

for relief was addressed by the Court's adjudication of Claim R1.  (*See* doc. 33 at

26-27.)  Mr. Evans has not alleged, nor does the record reveal, facts sufficient to

meet his burden under *Strickland v. Washington* to demonstrate counsel's

performance was deficient and that the alleged deficiency resulted in prejudice to

his case.  466 U.S. 668, 687 (1984).  His claim that he was coerced into waiver of

a preliminary examination of evidence against him lacks specificity and merit.

Such a waiver is contemplated by Montana Code Annotated § 46–10–106.  He has

not shown that his waiver of preliminary examination gave rise to prejudice to his

case.  As stated in earlier adjudication of Mr. Evans' ineffective assistance claim

as to his trial counsel, his trial counsel did not fail to object at trial.  (*See, e.g.,* doc.

10-2 at 142:16, 143:14; doc. 10-4 at 2:9.) Mr. Evans' counsel did not object

regarding his client's desire to confront the victim of the offense because the

victim did not appear as a witness at trial. Such an objection would have been

wholly without merit as the Confrontation Clause of the Sixth Amendment

protects a defendant's right to confront witnesses appearing before the trier of fact,

not necessarily the victims of the crime alleged. Petitioner's claims regarding the

effectiveness of trial counsel were rejected in the trial court's decision of his

petition for post-conviction relief from the judgment, (doc. 10-14 at 76-78), and

were previously adjudicated and rejected by this Court, (doc. 33 at 26-27).

## III.    Petitioner presents no germane objection to findings and recommendations regarding his proportionality claim.

Mr. Evans attempts to link his ineffective assistance claims to Judge

Lynch's Findings and Recommendations regarding Claim G, where he asserts his

sentence is not proportional and therefore in violation of the Eighth Amendment.

*See supra* note 1. These claims are unrelated to the proportionality arguments

presented in Claim G. Since there is no germane objection to this portion of Judge

Lynch's report, it is reviewed only for clear error. *See McDonnell Douglas Corp.*

*v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error

exists if the Court is left with a "definite and firm conviction that a mistake has

been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing Judge Lynch's Findings and Recommendations regarding Claim G, the Court is in agreement with his conclusion that the claim is subject to dismissal with prejudice as his state remedies with respect to that claim are exhausted, but the claim is defaulted. Judge Lynch's finding that the claim of ineffective assistance was not presented to in state court is correct as to Mr. Evans' proceedings before the Sentence Review Division and the Montana Supreme Court. While, Mr. Evans did present an ineffective assistance claim as to trial counsel in his petition for post-conviction relief presented to the trial court, (*see* doc. 10-14 at 76-78), this claim cannot conceivably relate to his claim that his sentence is disproportionate. His failure to present this claim in state court as to his appellate and sentence review counsel does not excuse default of his Eighth Amendment proportionality claim. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). His default of the proportionality claim presented in Claim G is not excused and the claim is subject to dismissal with prejudice.

## IV.   Participation in a sex offender treatment program does not violate Petitioner's right to be free from compelled self-incrimination.

In Claim J of the Petition, Mr. Evans argues that his required participation in sex offender treatment in prison while his case was on appeal and while he

contemplated collateral attack violated his Fifth Amendment right to be free from
compelled self-incrimination. (Doc. 1 at 11.) Judge Lynch ordered the state to
answer this claim. (Doc. 22.) In his Response to the state's Answer, Mr. Evans
added allegations that the terms of his judgment regarding sex offender treatment
are contradictory under the heading of Claim J. (Doc. 34 at 6, 9.) Judge Lynch
finds that the state court's judgment plainly requires Mr. Evans to participate in
sex offender treatment while in prison and upon release. He also finds, pursuant
to *Neal v. Shimoda*, the requirement that Mr. Evans admit guilt as part of his
treatment does not violate his Fifth Amendment right to be free from compelled
self-incrimination. Judge Lynch recommends Claim J be dismissed for failure to
state a claim on which relief might be granted.

After reviewing Judge Lynch's findings and recommendation regarding
Claim J and Mr. Evans' objections to the same, the Court agrees that Mr. Evans'
self-incrimination claims are subject to dismissal. His participation in court-
ordered sex offender treatment while incarcerated does not violate his Fifth
Amendment right to be free from compelled self-incrimination because no
admission made by Mr. Evans could be used against him in a future criminal
proceeding. *See Allen v. Illinois*, 478 U.S. 364, 368 (1986); *Neal v. Shimoda*,
131 F.3d 818, 832-33 (9th Cir. 1997). The Judgment contains no contradiction or

-10-

confusion regarding the requirement that Mr. Evans participate in sexual offender treatment. (*See* doc. 10-8 at 8.)

Mr. Evans raises new arguments regarding Claim J in his Objections. These arguments are recognized and the Court exercises its discretion to consider them for the reasons stated in Part I *supra*. Mr. Evans claims that the existence of community outpatient sexual offender treatment programs which do not require admission of guilt proves there is no nexus between the admission of guilt and rehabilitation. (Doc. 42 at 4.) This argument is without merit. Rehabilitation, including acceptance of responsibility is a legitimate penological objective. *McKune v. Lile*, 536 U.S. 24, 36-37 (2002) (plurality) (citing *Brady v. United States*, 397 U.S. 742, 753 (1970)). His removal from the program, and other treatment programs, for failing to admit responsibility are not compulsive of self-incrimination. *See id.* at 53 (O'Connor, J., concurring). His argument that his conviction of attempted sexual assault on a minor should negate the imposition of a treatment requirement is also without merit. It is unrelated to the self-incrimination claim asserted in Claim J in the Petition. And if the state may impose sexual offender treatment as a part of the judgment for a sexual offense, it may also do so for an attempted sexual offense. *See Neal*, 131 F.3d at 831. Mr. Evans does not present a viable objection to Judge Lynch's findings and

-11-

recommendations on Claim J. Accordingly, Claim J is subject to dismissal for failure to state a claim upon which relief might be granted.

## CONCLUSION

The new arguments presented in Mr. Evans' Objections are without merit. His claims regarding effectiveness of counsel have been litigated and decided. His self-incrimination and proportionality claims are subject to dismissal.

In accordance with the foregoing, IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 41) are ADOPTED IN FULL to the extent not inconsistent with this Order.

IT IS FURTHER ORDERED that Claim G presented in the Petition, asserting Mr. Evans' sentence is disproportionate and in violation of the Eighth Amendment is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Claim J presented in the Petition, asserting Mr. Evans' participation in sex offender treatment compels self-incrimination in violation of the Fifth Amendment is DISMISSED for failure to state a claim on which relief might be granted.

IT IS FURTHER ORDERED that all claims having been dismissed or denied on the merits, the state's Motion to Dismiss (doc. 31) is DISMISSED as MOOT.

IT IS FURTHER ORDERED that all claims having been dismissed or denied on the merits, Mr. Evans' Petition is DENIED. The Clerk of Court shall enter judgment by a separate document in favor of Respondents and against Petitioner and close the case.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. If Mr. Evams wishes to appeal, he must file a Notice of Appeal in this Court, bearing this Court's caption, within thirty days of the entry of this Order.

DATED this _30th_ day of August, 2013.

Donald W. Molloy, District Judge
United States District Court

-13-