IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 11-112-M-DWM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

This case originally came before the Court on August 17, 2011, when Petitioner Evans, a state prisoner proceeding pro se, applied for a writ of habeas corpus under 28 U.S.C. § 2254. All but one of his claims were denied for lack of merit. One claim was dismissed with prejudice as procedurally barred. Order (Doc. 33); Order (Doc. 44). The petition and a certificate of appealability were denied in this Court on August 30, 2013. On March 18, 2014, the Ninth Circuit Court of Appeals denied a certificate of appealability. Order at 1, *Evans v. Kirkegard*, No. 13-35828 (9th Cir. filed Mar. 18, 2014) (Doc. 48).

On November 14, 2014, Evans filed a "Petition for Reconsideration." Evans, a state prisoner proceeding pro se, returns to the facts underlying the claims in his first petition in the hope of obtaining a different result. *See, e.g.*, Findings

1

and Recommendation (Doc. 22) at 5, 6-23 ¶¶ A-Z; Findings and Recommendation (Doc. 41) at 3-7. Because Evans seeks a redetermination of the merit of his claims, the "Petition for Reconsideration" is equivalent to a second application for federal habeas corpus relief. *Gonzalez v. Crosby*, 545 U.S. 524, 533-34 (2005); 28 U.S.C. § 2244(b). This Court lacks jurisdiction to hear the "Petition" absent authorization from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Evans has not obtained such authorization. The "Petition for Reconsideration" must be dismissed for lack of jurisdiction.

The question remains open in the Ninth Circuit whether a movant always requires a certificate of appealability to appeal an adverse ruling on a motion under Fed. R. Civ. P. 60(b) when the underlying action is a motion under 28 U.S.C. § 2254. *Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013). Here, if a certificate of appealability is required, it is not warranted. There is no doubt about either the nature of Evans's claims or this Court's lack of jurisdiction to hear them. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Evans's "Petition for Reconsideration" (Doc. 49) is DISMISSED for lack of jurisdiction.

2. To the extent a certificate of appealability is required and permitted, it is DENIED. The Clerk of Court shall immediately process the appeal if Evans files a notice of appeal.

3. This action is CLOSED. No further motions may be filed.

DATED this 20th day of November, 2014.

/s/ Donald W. Molloy
Donald W. Molloy
United States District Court